## ESTATE OF J. W. WINTERS.

### No. 3901—July 18, 1877.

HUSBAND AND WIFE.—DEALINGS BETWEEN MAN AND WOMAN AS HUSBAND AND WIFE, such relationship being actually impossible, (there being an undissolved former marriage of the man with another woman), cannot be held to constitute a partnership.

HELD, that the first wife is entitled to half of common property.
Construing sections, C. C., 55, 155, 1402, 2395,

*M. Cooney,* for Catharine.

*R. P. Clement,* for Ann.

About 1845–6, Winters, deceased, intermarried in Ireland with one Catharine, now living, which relationship has not been dissolved, although he soon deserted her and came to America. In 1857 he married Ann, or at least the ceremony of marriage was performed, and he lived with her until his death in 1869, and had several children by her. He made a will giving all his property to Ann. She was aware before his death (not before her marriage) that Catharine claimed to be his wife; but she, in administering the property, treated it as the community property of herself and deceased.

The property was accumulated in business during the time of the relations between deceased and Ann.

Upon the hearing for distribution, Ann claims that if she was not the wife of deceased, she was his business partner, and that she is entitled to one-half of the entire property as surviving partner, and to one-half of the other half (being all that deceased could dispose of by will) under the will.

By the COURT: There is no evidence that deceased and Ann at any time contemplated or formed a commercial or business partnership; it was *marriage* they had in view; that is, *she* intended marriage, and he imposed upon her by pretending that he could and did marry.

It is true that marriage casts upon the parties certain rights and duties in some respects akin to the rights and duties of partnerships, but not because of or as partners, but because of the marital condition and as husband and wife; and the rights and duties which either may wish to extract must belong to or spring from the relation they had in view, and not from another relationship now for the first time brought forward.

Doubtless, she as a wife (or supposing herself to be such) aided in the accumulation of the property; but she did it as *wife*, not as partner.

Ann has been imposed upon, most egregiously, and in that way which is the very worst in which a woman can be imposed upon; and the children have the right to hold the

memory of their father in utter abhorrence; but I know of no principle of law which prevents Catharine from being entitled to one-half of the estate now remaining.

As conclusions of law, Catharine is entitled as surviving wife to have distribution to her of one-half of the estate now remaining, and Ann is entitled to have distribution to her of the other half, under the will. The children are not entitled to any share.

Let a decree be drawn accordingly.